**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GARY LATRAY,**

      **Plaintiff,**
 v.              Civ. Action No.
                     5:10-CV- 0915 (NPM/DEP)

**ERIC H. HOLDER, JR.,** Attorney General
of the United States and **RICHARD
S. HARTUNIAN,** U.S. Attorney, Northern
District of New York,

      **Defendants.**
_____

APPEARANCES:

GARY LATRAY
Plaintiff, *pro se*
23454-083
Metropolitan Detention Center
P.O. Box 329002
Brooklyn, NY 11232

NEAL P. MCCURN, SENIOR UNITED STATES DISTRICT JUDGE

## DECISION and ORDER

**I. BACKGROUND**

  Presently before the Court is a complaint filed *pro se* by Plaintiff Gary LaTray, along with his application to proceed *in forma pauperis*, and a motion for a preliminary injunction and temporary restraining order. Dkt. Nos. 1, 2, and 3. Plaintiff is presently in the custody of the Federal Bureau of Prisons ("BOP"), serving a sentence imposed in this District for violation of supervised released conditions. Although the address currently on file

indicates Plaintiff is confined to the Metropolitan Detention Center in Brooklyn, New York, the Court's research, using the BOP inmate locator available on the internet, http://www.bop.gov/iloc2/LocateInmate.jsp (last visited 11/16/10), reveals that Plaintiff is incarcerated at the Big Sandy United States Penitentiary ("USP Big Sandy") located in Inez, Kentucky.[1]  In essence, Plaintiff's Complaint alleges that he has been indicted and arraigned on criminal charges in Oswego County Court, and his constitutional rights are being violated as a result of the BOP's refusal to return him to the jurisdiction where the state criminal charges are pending so that he can stand trial.  *See generally* Complaint (Dkt. No. 1).

For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is granted, and his complaint is *sua sponte* dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II.   DISCUSSION

### A.   Application to Proceed *in Forma Pauperis*

After carefully reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court finds that the Plaintiff has sufficiently shown cause for an order permitting him to proceed with this matter without payment of the filing fee.  Accordingly, Plaintiff's motion to proceed *in forma pauperis* is granted.[2]

### B.   Sufficiency of Plaintiff's Claims

---

[1]   The Northern District of New York Local Rules require that "*pro se* litigants must immediately notify the Court of any change of address" by filing a notice of change of address with the clerk.  N.D.N.Y.L.R. 10.1(c)(2).  Plaintiff's failure to do so could result in dismissal of the action.  *See id.* at 1.1(d).

[2]   Plaintiff should note that the granting of his application to proceed *in forma pauperis* does not relieve him of the obligation to pay all other fees for which he may be responsible regarding this action, including but not limited to copying and/or witness fees. N.D.N.Y.L.R. 5.4(a).

Because the Court has granted Plaintiff's motion to proceed *in forma pauperis*, it must review the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2)(B) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the court determines that - * * *
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).  Thus, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit a plaintiff to proceed with his or her action *in forma pauperis*.  *See id.*

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983).  There is, nonetheless, an obligation on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed.[3]  *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (District Court may dismiss

---

[3] "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.  *Aguilar v. United States*, Nos. 3:99-MC-304, 3:99-MC-408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (Burns J.) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989) and *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir.1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of dismissal under section 1915(d) [amended subsection e], may be based upon a defense that appears on the face of the complaint.").

frivolous complaint *sua sponte* notwithstanding fact the plaintiff has paid statutory filing fee); *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (District Court has power to dismiss case *sua sponte* for failure to state a claim).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief [.]" Fed.R.Civ.P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y.1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C.1977))) (other citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555, 127 S. Ct.1955). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

Read in light of these standards, the Court finds Plaintiff's complaint must be dismissed.

### (1)     Plaintiff's Complaint Generally

Plaintiff's handwritten complaint, consisting of only six paragraphs and comprising just over two pages, is labeled as a complaint filed pursuant to 42 U.S.C. § 1983 and is sparse in its factual detail.  As alleged in the complaint, at the time of filing on July 28, 2010, Plaintiff was in federal custody, serving a sentence of thirty-six months for a supervised release violation, and in transit to USP Big Sandy.  Plaintiff alleges that on May 3, 2010 he was indicted on criminal charges in Oswego County Court and arraigned shortly thereafter.  It is further alleged that on June 28, 2010, that court issued a writ of habeas corpus *ad prosequendum*, a copy of which is attached to the complaint, certifying LaTray's indictment and indicating that the trial was scheduled to commence in that court on July 21, 2010, and further requesting that the United States cause LaTray to be produced in Oswego County Court at that time so as to allow the prosecution to proceed.  According to Plaintiff, he was not produced for trial, and as of July 25, 2010, he was still in custody of the BOP at the Metropolitan Detention Center in Brooklyn, New York.  Plaintiff contends that in failing to produce him for trial in Oswego County Court defendants have violated his Sixth Amendment right to a speedy trial, as well as his right to due process, and also have violated the Interstate Detainer Agreement.

### (2)     Section 1983

Section 1983 "establishes a cause of action for 'the deprivation of any rights,

privileges, or immunities secured by the Constitution and laws' of the United States," *German v. Fed. Home Loan Mortgage Corp.*, 885 F. Supp. 537, 573 (S.D.N.Y. 1995) (citing *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508, 110 S. Ct. 2510, 2516 (1990) (quoting 42 U.S.C. § 1983)) (footnote omitted).  In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege that (1) the challenged conduct was attributable at least in part to a person or entity acting under color of state law and (2) such conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Dwares v. City of New York*, 985 F.2d 94, 98 (2d Cir. 1993); *see also Torres v. Mazzuca*, 246 F. Supp. 2d 334, 342 (S.D.N.Y. 2003) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250 (1988)).   State action is an essential element of any section 1983 claim.  *See Gentile v. Republic Tobacco Co.*, No. 95-CV-1500, 1995 WL 743719, *2 (N.D.N.Y. Dec. 6, 1995) (Pooler, D.J.) (citing *Velaire v. City of Schenectady*, 862 F. Supp. 774, 776 (N.D.N.Y. 1994) (McAvoy, C.J.) (citation omitted)).  It is the plaintiff's duty to allege state action on the part of the defendants named in a complaint, and a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus*.  See, e.g., Giannini vs. Pearson et al.*, No. 95-CV-1669, slip op. at 4 (N.D.N.Y.), *appeal dismissed*, (2d Cir. Apr. 19, 1996); *Carollo-Gardner v. Diners Club*, 628 F. Supp. 1253, 1256-57 (E.D.N.Y. 1986) (dismissing as frivolous *pro se* complaint where plaintiff failed to allege state action on part of defendants) (citations omitted).

     The only defendants named in this lawsuit are the Attorney General of the United States and the United States Attorney for the Northern District of New York.  It is well-settled, however, that a section 1983 claim does not lie against the federal government, its agencies, or employees.  *See Kingsley v. Bureau of Prisons*, 937 F.2d 26, 30 n. 4 (2d.

Cir.1991) (an action brought pursuant to Section 1983 "cannot lie against federal officers."); *Murray v. Dep't of Justice*, 821 F. Supp. 94, 100 (E.D.N.Y.1993) (citing *District of Columbia v. Carter*, 409 U.S. 418, 424-25, 93 S.Ct. 602 (1973)) (Section 1983 "does not apply to the actions of the federal government or its officers."); *John's Insulation, Inc. v. Siska Const. Co.*, 774 F. Supp. 156, 161 (S.D.N.Y.1991) ("Actions of the Federal Government or its officers are exempt from the proscriptions of § 1983.").

In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999 (1971), the Supreme Court recognized an implied private cause of action for damages against federal officers who violate a citizen's constitutional rights. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-67, 122 S. Ct. 515, 519 (2001) (discussing the origin of *Bivens* claims). *Bivens* actions, although not precisely parallel, are the federal analog to section 1983 actions against state actors. *See Chin v. Bowen*, 833 F.2d 21, 24 (2d Cir. 1987). The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities. *Higazy v. Templeton,* 505 F.3d 161, 163 (citing *Polanco v. U.S. Drug Enforcement Admin.*, 158 F.3d 647, 652 (2d Cir. 1998)).

In his complaint, LaTray does not demand damages for alleged violations of his constitutional rights. Instead, Plaintiff seeks to be transferred to a prison in Oswego County to allow his state criminal trial to proceed.[4] As a result, he has failed to state a

---

[4] It should also be noted that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1948 (2009); *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir.2006) ("[I]n *Bivens* actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation."). There is nothing in Plaintiff's complaint that would suggest that either of the named defendants is involved in any way in the decisions implicating the location of Plaintiff's federal imprisonment. Plaintiff's failure to allege the personal involvement of the named

claim for relief available under *Bivens*.

For the reasons set forth above, the Court finds Plaintiff has failed to state a claim under section 1983 or *Bivens*, and dismissal of his civil rights claim is therefore warranted.

### (3) The Interstate Agreement On Detainers

Plaintiff's complaint also references the Interstate Agreement on Detainers Act ("IAD" or the "Agreement"), 18 U.S.C. Appendix II (2000). Enacted by Congress in 1970, the IAD was born of twin purposes, "to provide a prisoner with a method of clearing up detainers filed against him and to provide prosecutors with a uniform set of rules governing temporary transfers for purposes of trial." *United States v. Scheer*, 729 F.2d 164, 166 (2d Cir. 1984). As expressly stated therein, the purpose of the IAD is "to encourage the expeditious and orderly disposition of . . . charges and determination of the proper status of any and all detainers based on untried indictments, informations, or complaints." 18 U.S.C. Appendix II, Article I. Article III of the Agreement provides the procedure for a prisoner to initiate a request for the disposition of detainers lodged against him, *Scheer*, 729 F.2d at 167, stating:

> (a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State, and whenever during the continuance of the term of imprisonment there is pending in any other party State any untried indictment, information, or complaint on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and this request for final disposition to be made of the

---

defendants provides a separate basis for dismissal of his civil rights claim.

indictment, information, or complaint. . . .[5]

18 U.S.C. Appendix II, Article III.

"Article IV provides the means by which a prosecutor who has lodged a detainer against a prisoner in another State can secure the prisoner's presence for disposition of the outstanding charges." *Mauro*, 436 U.S. at 351-52, 98 S. Ct. at 1843.[6]  Once a prosecutor has filed a detainer against a prisoner, he or she can have the prisoner made available by presenting to the officials of the State in which the prisoner is incarcerated "a written request for temporary custody or availability . . .."[7]  *Mauro*, 436 U.S. at 352, 98 S. Ct. at 1843 (quoting IAD, Article IV(a)).  The Supreme Court has held that, though similar to a detainer, a writ of habeas corpus *ad prosequendum*, does not constitute a detainer for

---

[5] Both the United States and the State of New York are parties to the IAD.  *United States v. Mauro*, 436 U.S. 340, 354, 98 S. Ct. 1834, 1844 (1978) ("[T]he United States is a party to the Agreement as both a sending and a receiving State."); *see also Scheer*, 729 F.2d at 170; *Francesco v. United States*, No. 88 Civ. 1002, 1988 WL 48709, at *1 (S.D.N.Y. May 13, 1988).

[6] Article IV(a) states:

The appropriate officer of the jurisdiction in which an untried indictment, information, or complaint is pending shall be entitled to have a prisoner against whom he has lodged a detainer and who is serving a term of imprisonment in any party State made available in accordance with article V(a) hereof upon presentation of a written request for temporary custody or availability to the appropriate authorities of the State in which the prisoner is incarcerated: *Provided*, That the court having jurisdiction of such indictment, information, or complaint shall have duly approved, recorded, and transmitted the request: *And provided further*, That there shall be a period of thirty days after receipt by the appropriate authorities before the request be honored, within which period the Governor of the sending State may disapprove the request for temporary custody or availability, either upon his own motion or upon motion of the prisoner.

18 U.S.C. Appendix II, Article IV (emphasis in original).

[7] Though the IAD does not define the term "detainer", in construing the term in *Mauro*, the Supreme Court looked to the legislative history of the Agreement, which explains that "'[a] detainer is a notification filed with the institution in which a prisoner is serving a sentence, advising that he is wanted to face pending criminal charges in another jurisdiction.'"  *Mauro*, 436 U.S. at 359, 98 S. Ct. at 1834 (citing and quoting H. R. Rep. No. 91-1018, p. 2 (1970); S. Rep. No. 91-1356, p. 2 (1970); U. S. Code Cong. & Admin. News 1970, p. 4865)

the purposes of the IAD. *United States v. Roy*, 771 F.2d 54, 58 (2d Cir. 1985), *cert. denied*, 475 U.S. 1110, 106 S. Ct. 1520 (1986) (citing *Mauro*). Additionally, in order to seek relief from a federal court for a purported violated of the IAD, a prisoner must first exhaust his state remedies. *Francesco*, 1988 WL 48709, at * 2; *see also Sorenson v. Bell*, 441 F. Supp. 265, 267 (S.D.N.Y. 1977).

 Here, as an initial matter, it is unclear whether the IAD is even applicable. The Agreement applies when a prosecuting authority files a detainer regarding a prisoner serving a sentence in another jurisdiction. *United States v. Dowdell*, 595 F.3d 50, 63 (1st Cir. 2010) (citing *Mauro*, 436 U.S. at 343-44, 349-53, 98 S. Ct. at 1838-1839,1841-44). While Plaintiff alleges that on June 28, 2010, the Oswego County Court issued a writ of habeas corpus *ad prosequendum* for his appearance at trial on July 21, 2010, nowhere does Plaintiff assert that any state prosecuting authority has lodged a detainer against him. Because the mere issuance of a writ of habeas corpus *ad prosequendum* is insufficient to trigger the provisions of the IAD, it appears that at this time the Agreement does not apply, and thus does not yet give rise to the remedies available thereunder. *See Roy*, 771 F.2d at 58-59.

 Additionally, even assuming a detainer has been issued, the complaint fails to allege that Plaintiff has properly pursued the procedures and relief set forth in the Agreement. In this regard, the IAD requires that the prisoner deliver "written notice [of his place of imprisonment] and a request for final disposition to the warden, commissioner of corrections, or other official having custody of him" and that individual must promptly forward such notice to the prosecuting authority and the appropriate court of that authority. 18 U.S.C. Appendix II, Art. III (b). In the event

> the appropriate authority shall refuse or fail to accept temporary custody of [the prisoner], or in the event that an action on the indictment, information, or complaint on the basis of which the detainer has been lodged is not brought to trial within the period [of 180 days] . . . , the appropriate court of the jurisdiction where the indictment, information, or complaint has been pending shall enter an order dismissing the same with prejudice, and any detainer based thereon shall cease to be of any force or effect.

*Id.* at Art. V(c).  Accordingly, before he can pursue any such federal relief Plaintiff must show that he has followed the procedures outlined in the Agreement and pursued his claims of speedy trial and IAD violations in the New York courts.  *Francesco*, 1988 WL 489709, at *2.

Once again, Plaintiff's complaint is silent with respect to these essential requirements.  There are no allegations that Plaintiff gave the required written notice and request for final disposition of the charges pending in the Oswego County Court, or that he has sought any relief regarding the same in that court.  It thus appears that Plaintiff's failure to properly exhaust his state remedies provides an independent basis for dismissal of his complaint.[8]

Generally, when a *pro se* action is dismissed *sua sponte*, the plaintiff should be allowed to amend his or her Complaint.  *See Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires"); *see also Mathon v. Marine Midland Bank, N.A.*, 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (leave to replead granted where court could not say that under no circumstances would proposed claims provide a basis for relief).

---

[8]   The Court also notes that while plaintiff seeks transfer to a prison facility located in Oswego County, the Agreement authorizes only the prosecuting authority to pursue this course of action.  *See* 18 U.S.C. Appendix II, Article IV.  The remedy available to Plaintiff, after following the outlined procedures, is to apply for dismissal of the indictment to the court in which the prosecution is pending.  *See* 18 U.S.C. Appendix II, Art. III (b).

11

Because it is not clear that amendment of the complaint in this action would be futile, it will be dismissed with leave to file an amended complaint.

### C.   Temporary Restraining Order

With the filing of his complaint, Plaintiff also submitted to the court a handwritten "order to show cause for preliminary injunction and TRO" seeking on order temporarily restraining the defendants from transferring plaintiff to a federal prison outside of New York State.  The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit.  To warrant the issuance of a preliminary injunction, a movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *D.D. ex rel. V.D. v. New York City Bd. of Educ.,* 465 F.3d 503, 510 (2d Cir. 2006); *see also Covino v. Patrissi*, 967 F.2d 73, 77 (2d Cir. 1992) (affirming a district court's denial of an inmate's request for preliminary injunction); *Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting a report and recommendation of a magistrate judge that denied inmate's request for injunctive relief).  An injunction is an extraordinary remedy, to be awarded only upon careful consideration of the competing interests of the parties presented in connection with an application for such relief.  *Winter v. Natural Res. Def. Council*, __ U.S. __, 120 S. Ct. 365, 375 (2008) (citation omitted).

Here, as discussed above, Plaintiff has failed to sufficiently allege a claim upon which relief may be granted and, as such, his complaint will be dismissed.  Under these circumstances, Plaintiff clearly cannot satisfy the requirements for issuance of a preliminary injunction.

In any event, a federal court has no authority to decide an issue when the relief sought can no longer be given, or is no longer needed.  *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir.1983).  It is well settled in this Circuit that transfer from a prison facility moots an action for injunctive relief against the transferring facility. *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) (citing *Young v. Coughlin*, 866 F.2d 567, 568 n. (2d Cir.), *cert. denied*, 492 U.S. 909, 109 S. Ct. 3224 (1989), and *Beyah v. Coughlin*, 789 F.2d 986, 988 (2d Cir.1986)); *Candelaria v. Greifinger*, No. 96-CV-0017, 1998 WL 312375, at *2 (N.D.N.Y. June 8, 1998) (Pooler, J. and Scanlon, M.J.).

As noted above, the Court's research reveals that Plaintiff already has been transferred to Big Sandy USP in Kentucky, thus rendering his request for a temporary restraining order and preliminary injunction preventing that occurrence moot.

### D.   Motion for Appointment of *Pro Bono* Counsel

Plaintiff has also requested that the court appoint an attorney to represent him *pro bono*.  As a prerequisite to requesting appointment of *pro bono* counsel, a party must first demonstrate that he or she is unable to obtain counsel through the private sector or public interest firms.  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)).  Here, Plaintiff's motion does not show that he has made any effort to obtain representation through either the private sector or public interest firms, and his motion could be denied on this basis alone.

In any event, based on the Court's review of the motion, under the applicable statute Plaintiff has not shown that he is entitled to appointment of counsel at this time.  28 U.S.C. § 1915(e)(1) affords district courts broad – though not limitless – discretion in determining whether to appoint counsel to represent indigent civil litigants.  *Hodge*, 802

F.2d at 60. Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Among the factors considered are:

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge*, 802 F.2d at 61) (other citation omitted). This is not to say that all, or indeed any, of these factors are controlling in a particular case. *Velasquez v. O'Keefe*, 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge*, 802 F.2d at 61). Of the criteria enunciated by the Second Circuit to be considered when determining whether assignment of *pro bono* counsel is appropriate, however, the most important is the merits – that is, "whether the indigent's position [is] likely to be of substance." *Cooper*, 877 F.2d at 172 (citations and internal quotations omitted). Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his or her claims, that party does not meet this threshold requirement. *See Herman v. Runyon*, No. 96 CIV. 6080, 1997 WL 118379, at *1 (S.D.N.Y. Mar. 17, 1997).

At this time the Court cannot conclude that Plaintiff's position is likely to be of substance. As a result, Plaintiff's motion for appointment of *pro bono* counsel is denied without prejudice.

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is

**GRANTED**; and it is further

**ORDERED**, that Plaintiff's complaint is **DISMISSED** with leave to file an amended within thirty (30) days from the date of this decision and order; and it is further

**ORDERED,** that if Plaintiff fails to file an amended complaint within thirty days of the date of this decision and order, the action will be dismissed without further order of the Court; and it is further

**ORDERED**, that Plaintiff's motion for a temporary restraining order and/or preliminary injunction (Dkt. No. 3) is **DENIED**; and it is further

**ORDERED**, that Plaintiff's request for appointment of *pro bono* counsel (Dkt. No. 1-1) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on the Plaintiff by regular mail.

Dated: December 7, 2010

_____
Neal P. McCurn
Senior U.S. District Judge